398

TORPEY, APPELLEE, *v.* THE STATE OF OHIO, DEPT. OF
REHABILITATION AND CORRECTION ET AL., APPELLANTS.

(No. 77-744—Decided June 21, 1978.)

*Mr. Thomas R. McGuire*, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. Gene W. Holliker*, for appellants.

CASTLE, J. Appellants are appealing the decision of the Court of Appeals solely on the basis that a right to trial by jury in the Court of Claims did not exist for a claim against a state employee when it was alleged that the employee was acting within the scope of his employment.

By the enactment of the Court of Claims Act, R. C. Chapter 2743, the General Assembly waived the state's immunity from liability and gave its consent to be sued "in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter." R. C. 2743.02(A). This section recently has been changed by Am. Sub. H. B. No. 149, effective February 7, 1978, to read as follows:

"Sec. 2743.02(A). The state hereby waives, *in exchange for the complainant's waiver of his cause of action against state officers or employees*, its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"*Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was not within the scope of the officer's or employee's office or employment.*" (Emphasis indicates new language.)

Thus, the only issue before this court is whether a plaintiff who stated a cause of action in tort against state employees acting within the scope of their employment prior to February 7, 1978, and joined them as individuals in an action against the state in the Court of Claims, had a right to a jury trial in the Court of Claims on the issue of the liability of the individual state employees.

R. C. 2743.03 created the Court of Claims as a forum

in which all civil actions against the state permitted by the waiver of immunity were to be heard. Subdivision (C) of this section further provides, in pertinent part, that, "A civil action against the state shall be heard and determined by a single judge."

The provision regarding jury trials in the Court of Claims is R. C. 2743.11, which states:

"No claimant in the court of claims shall be entitled to have his civil action against the state determined by a trial by jury. *Parties retain their right to trial by jury in the court of claims of any civil actions not against the state*," (Emphasis added.)

We find that appellee's suit against the state employees in their individual capacities falls into the above category of "any civil actions not against the state." As such, under the language of R. C. 2743.11, he clearly retains his right to a jury trial in the determination of his claim. We find no language in the sections of R. C. Chapter 2743 applicable to appellee's case which would have limited his right to trial by jury against those individual defendants.

Moreover, practice and procedure in the Court of Claims is governed by the Rules of Civil Procedure, unless such rules are in conflict with R. C. Chapter 2743. *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90; R. C. 2743.03 (D). Civ. R. 38(A), which provides that "[t]he right to trial by jury shall be preserved to the parties inviolate," is not inconsistent with R. C. 2743.11 with respect to civil actions not against the state. As there are no other limitations in Chapter 2743 in conflict with the clear mandate of either the statute or the rule, we agree with the Court of Appeals that appellee was entitled to a jury trial in the Court of Claims on the issue of the liability of the individual employees alleged to have been acting within the scope of their employment.

We also find that we are in agreement with the appellate court that it is no longer necessary that the Court of Claims handle the case on remand, since the case against the state was decided without error. Appellee's claim should

402

proceed to a jury trial in the appropriate common pleas court. Collateral estoppel, based on the trial court's findings in favor of the state, will not apply to the jury trial against the individuals since the effect thereof would be to deny appellee his jury trial as to these matters.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

P. Brown, Acting C. J., Herbert, Celebrezze, W. Brown, Sweeney and Locher, JJ., concur.

Castle, J., of the First Appellate District, sitting for O'Neill, C. J.