SMITH, APPELLANT, *v.* STEMPEL ET AL., APPELLEES.

[Cite as Smith v. Stempel (1979), 65 Ohio App. 2d 36.]

(No. 78AP-781—Decided June 26, 1979.)

*Mr. Thomas R. McGrath,* for appellant.

*Mr. William J. Brown,* attorney general, *Messrs. Vorys, Sater, Seymour & Pease, Mr. Duke W. Thomas* and *Ms. Nanci L. Danison,* for appellees.

WHITESIDE, J. Plaintiff-appellant appeals from a judgment of the Court of Common Pleas of Franklin County rendering summary judgment in favor of certain defendants and finding no just reason for delay in entering judgment with respect to part but not all of the defendants. In support of her appeal, plaintiff raises a single assignment of error, as follows:

"The plaintiff may not be barred from proceeding with her action against individual defendants in the Court of Common Pleas by §2743.02(A), the Ohio Revised Code, if the action is a pending action at the time the Court of Claims action is filed and this is particularly true if the cause of action arose before the effective date of Amended Substitute House Bill 149 (2/7/78)."

By her complaint, plaintiff alleges that the seven defendant doctors treated plaintiff from approximately February 23, 1977, to April 4, 1977, for an abortion and complications thereof and were negligent in such treatment. Plaintiff alleges that defendants neligently released her from an unspecified hospital on February 26, 1977. The complaint was filed May 5, 1978, and service obtained. Defendants Essig and Copeland filed answers, and the case remains pending against them in the trial court.

Defendants Stempel, Warner, Iams, Hsueh and Stine filed a joint answer, setting forth several defenses, the third defense claiming that plaintiff waived her right to sue these defendants. Subsequently, these five defendants filed a motion for summary judgment contending that the action was not commenced within the time permitted by the applicable statute of limitations, to which was attached affidavits of these defendants, stating, *inter alia,* that each, at the time in question, was "a member of the medical staff of the Ohio State University Hospital." In response, plaintiff contended that the action was timely commenced because of compliance with the notice provisions of R. C. 2305.11 and submitted an affidavit to this effect. In their reply memorandum, defendants included a "supplemental summary judgment motion," contending that plaintiff had waived any claim against these five defendants by bringing an action in the Court of Claims

against the state of Ohio. To this motion, these defendants attached a certified copy of a complaint filed in the Court of Claims on the same day that the present action was commenced.

The Court of Claims complaint reads essentially similar to the complaint herein, except that it refers to treatment by the Ohio State University Hospital and makes no specific reference to any of the defendants herein, except to allege that the state of Ohio acted through agents who remain unspecified and unnamed.

The trial court overruled the motion predicated upon the statute of limitations with respect to all defendants except Dr. Stine and sustained the motion as to Dr. Stine. As to defendants Stempel, Warner, Iams and Hsueh, the trial court sustained their motion for summary judgment upon the grounds that plaintiff had waived any claim against them by filing the complaint in the Court of Claims.

Plaintiff has raised no issue herein with respect to the dismissal of her claim as against Dr. Stine because it was not commenced within the time permitted by the statute of limitations.

Prior to the trial court's decision, plaintiff filed an additional memorandum in opposition to the motion for summary judgment, to which was attached an order of the Court of Claims dismissing the action in that court but granting leave to plaintiff to file an amended complaint. Since the trial court's decision makes no reference to the contentions made in this additional memorandum, the trial court apparently was unaware of this argument. At least, the trial court made no reference to this argument in the decision.

After plaintiff's cause of action arose, but prior to the filing of the complaints, R. C. 2743.02(A) was amended[1] effective February 7, 1978, to read as follows:

"The state hereby waives, in exchange for the complainant's waiver of his cause of action against state officers or employees, its immunity from liability and consents to be sued***.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver

---

[1] See Am. Sub. H. B. No. 149.

of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was not within the scope of the officer's or employee's office or employment."

Plaintiff contends that, pursuant to R. C. 1.58, this amendment does not affect her claim and relies upon *Torpey* v. *State* (1978), 54 Ohio St. 2d 398. The syllabus of the *Torpey* case reads as follows:

"Prior to February 7, 1978, a claimant who sued the state in the Court of Claims and joined in that suit state employees alleged to be acting within the scope of their employment in both their official and individual capacities was entitled to a jury trial under R. C. 2743.11 for the determination of the individual liability of state employees."

*Torpey* is not controlling, inasmuch as it is distinguishable. *Torpey* involved an action commenced prior to the effective date of the 1978 amendment to R. C. 2743.02(A), which sets forth the waiver; and the Supreme Court held that the amendment did not affect a pending action. Here, no action was pending, although the cause of action had already arisen.

R. C. 1.58 provides, in part, that:

"(A) The reenactment, amendment, or repeal of a statute does not***: ·
"***

"(2) Affect any***liability previously acquired, accrued, accorded, or incurred thereunder;
"***

"(4) Affect any***remedy in respect of any such***liability***and the***remedy may be instituted***as if the statute had not been repealed or amended."

The trial court referred to the "doubtful applicability" of R. C. 1.58 and apparently predicated its decision upon a finding that R. C. 2743.02(A) does not affect any remedy in respect to any liability. This finding is somewhat inconsistent with *Torpey, supra,* in that the Supreme Court in that case held that a claimant who sued the state under R. C. 2743.02(A) prior to its amendment had, in effect, a dual remedy by filing an action in the Court of Claims, joining both the state and the state's agents or employees, with a right to separate factual determinations: (1) by the judge of the Court of Claims with

respect to the state; and (2) by a jury with respect to state officers or employees. The court in *Torpey* held that the factual determination of no liability on the part of the state by the judge of the Court of Claims did not constitute collateral estoppel as against the state employees, since the claimant was entitled to a jury trial with respect to the claim against state employees.

In effect, the claimant had two remedies: one by a factual determination by the court with respect to the state's liability, and the other by a factual determination by a jury with respect to the state's employees, with the possibility of inconsistent factual determinations.

The 1978 amendment to R. C. 2743.02(A) eliminated the Court-of-Claims remedy as against state employees and substituted an election whether to proceed against the employees or against the state.

However, it is apparent that the action against the state was not commenced within the time permitted by R. C. 2743.16(A) since it was commenced more than 180 days after the cause of action accrued, with no indication that a notice of intention to file a claim within that time had been filed or that good cause for delayed filing existed pursuant to R. C. 2743.16(D), as those subdivisions of R. C. 2743.16 existed at the time of the accrual of the action.[2]

The Court of Common Pleas apparently felt that the filing of a complaint in the Court of Claims constituted an irrevocable waiver of any claim against state employees. R. C. 2743.02(A), however, specifically provides that the waiver shall be void if the act was not within the scope of employment. Although it has apparently been assumed, there is nothing in the record before us clearly indicating that it be the acts or omissions of any of the defendants herein upon which the claimed liability of the state is predicated; nor is there anything in the record clearly indicating that the defendants were officers or employees of the state, the affidavits merely stating that the five defendants were members of the medical staff of the Ohio State University Hospital.

Although neither the filing nor the dismissal of the action in the Court of Claims has been evidenced in the manner

[2] See 136 Ohio Laws 1510-1511.

prescribed by Civ. R. 56(C), there is some question as to whether a claim be still pending in the Court of Claims, either at the time of the trial court's judgment or at the present time.

In addition, the copy of the order of the Court of Claims submitted by plaintiff indicates that an amended complaint had been filed in that court; however, the amended complaint was not submitted to the trial court herein.

Although the 1978 amendment to R. C. 2743.02(A) refers to a waiver upon the filing of a complaint, the 1978 amendment contemplates the timely filing of a proper complaint. Where the complaint filed in the Court of Claims is dismissed either for want of jurisdiction or because the claim was not brought within the time permitted by former R. C. 2743.16(A),[3] the waiver does not become effective even though a complaint was "filed." The 1978 amendment to R. C. 2743.02(A) contemplates the filing of a complaint with respect to a claim which can be effectively asserted against the state at the time of such filing. Under the present circumstances, in the absence of a showing to the contrary, it must be assumed that plaintiff's claim against the state was barred by the applicable provisions of former R. C. 2743.16(A),[4] at the time that the 1978 amendment to R. C. 2743.02(A) became effective. As plaintiff pointed out in her memorandum in the trial court, if defendants' contentions be accepted, she is precluded from suing either the state or these defendants. On the other hand, she would be so precluded only by her own act of filing an untimely complaint in the Court of Claims.

Although the trial court may be correct in its statement that "to proceed with a trial in this case as to these defendants in the face of the asserted waiver and the doubtful applicability of [R. C.] 1.58 would be utter folly," the statement does not constitute a basis of a finding of no just reason for delay in accordance with Civ. R. 54(B). On the contrary, it would be at least equal "utter folly" to enter final judgment with respect to these defendants and then later to have the Court of Claims find that they were not acting within the scope of employment with the state, which voids the waiver. Civ. R. 54(B) permits an alternative middle course, namely, entering an interloc-

[3] *Ibid.*

[4] *Ibid.*

utory order of dismissal which may be later modified, removing the necessity of proceeding to trial with respect to these defendants and deferring the entry of final judgment until the Court of Claims has made its determination upon the issue of scope of employment. Thus, the trial court erred in its finding of no just reason for delay, inasmuch as there appears to be a very cogent reason for delay in entering final judgment with respect to these defendants upon the issue of waiver, even if the trial court were correct in its determination that a waiver, which may later be determined to be void, has occurred.

Accordingly, we must find the assignment of error to be well taken, inasmuch as R. C. 1.58 is applicable since the 1978 amendment to R. C. 2743.02(A) effectively denies plaintiff a remedy to which she was previously entitled. However, this may not be true with respect to R. C. 2743.02(E),[5] which precludes joinder of any defendant with the state in the Court of Claims. Additionally, the evidence before the trial court did not sufficiently demonstrate the existence of a waiver, even assuming that R. C. 1.58 be not applicable.

For the foregoing reasons, the assignment of error is sustained; and the judgment of the Court of Common Pleas of Franklin County is affirmed insofar as it dismissed the action as against defendant Stine and is reversed insofar as it dismissed the action with respect to defendants Stempel, Warner, Iams and Hsueh. This cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

> *Judgment affirmed in part,*
> *and reversed in part,*
> *and cause remanded.*

REILLY and McCORMAC, JJ., concur.

---

[5] R. C. 2743.02(E) was added to R. C. 2743.02 by Am. Sub. H. B. No. 149, effective February 7, 1978.