Moss, Appellant, v. Coleman et al., Appellees.

(No. 82AP-173—Decided August 10, 1982.)

*Messrs. Margulis, Gussler, Hall, Hosterman & Lucks* and *Ms. Barbara J. Lucks,* for appellant.

*Mr. J. Michael McGinley,* for appellee Ralph Coleman.

*Mr. William J. Brown,* attorney general, and *Mr. Michael A. Noonan,* for appellees Josip Raulj and Barbara Mayes.

Strausbaugh, J. This is an appeal by the plaintiff-appellant, Annette L. Moss, from a judgment in the Franklin County Court of Common Pleas sustaining the motion to dismiss of defendants-appellees, Josip Raulj and Barbara Mayes.

The record indicates that plaintiff filed an action in the court of common pleas alleging that she was admitted to the Central Ohio Psychiatric Hospital on November 7, 1980, and remained there until November 21, 1980; that defendants-appellees Ralph Coleman and Aaron White were employed as orderlies by the Ohio Department of Mental Health at the Central Ohio Psychiatric Hospital about the time in question; that defendant Raulj is a medical doctor employed at that hospital; that defendant Mayes was employed as a nursing supervisor for Ward 6 at that hospital; that on or about November 13, 1980, while under the supervision of defendants Raulj and Mayes, plaintiff was raped and assaulted by defendants Coleman and White; that defendants Raulj and Mayes were negligent in their care and supervision of the plaintiff, resulting in her bodily harm. Defendants Raulj and Mayes filed a motion to dismiss for lack of jurisdiction in the court of common pleas, which motion the trial court sustained and from which judgment this appeal is taken.

Plaintiff brings a single assignment of error:

"Whether the trial court erred in finding that the State of Ohio is the real party in interest?"

Plaintiff argues that she was recklessly placed in a ward where she was maliciously raped by two orderlies, and that the four defendants are the real parties in interest and not the state of Ohio, and that their employment with the state is incidental to the suit and is not a critical factor to their alleged negligence. The plaintiff contends that the state of Ohio could not be adversely affected by such a verdict and, therefore, cannot be considered the real party in interest.

The sovereign immunity rule in Ohio is based upon Section 16, Article I, Ohio Constitution, providing that suits may be brought against the state in such courts and in such manner as may be provided by law. In R.C. 2743.02, the legislature of

the state of Ohio waived the state's immunity from liability and consented to be sued in the Court of Claims. That section provides that in any circumstances in which a claimant proves in a court of claims that an officer or employee of the state would have personal liability for his acts or omissions but, for the fact that the officer or employee has personal immunity under R.C. 9.86, the state shall be held liable in the Court of Claims in any action that is timely filed. The provisions of R.C. 9.86 indicate that there is no difference between an officer and an employee of the state. Under the facts as alleged in this case, we find that the state of Ohio is the real party in interest and, therefore, where the state is the real party in interest and where a judgment could operate to control the action of the state or subject it to liability, such suits are treated as suits against the state. See *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49 [9 O.O.2d 416]. It is clear that the plaintiff has sued the defendants Raulj and Mayes in their professional capacities working for the state of Ohio in the Central Ohio Psychiatric Hospital. Under the provisions of R.C. 2743.02, plaintiff's action should be brought in the Court of Claims. Plaintiff's single assignment of error is therefore not well taken, and is overruled, and the judgment is affirmed.

*Judgment affirmed.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.