KATKO, EXR., APPELLANT, *v.*
BALCERZAK ET AL., APPELLEES.

(No. 87AP-347—Decided
September 10, 1987.)

*Savoy & Bilancini, Jerome J. Savoy* and *Darrell Bilancini,* for appellant.

*Bricker & Eckler, Randolph C. Wiseman* and *Richard S. Lovering,* for appellees.

WHITESIDE, J. Plaintiff, John A. Katko, Jr., appeals from a judgment of the Franklin County Court of Common Pleas contending that that court erred in dismissing his complaint, but fails to set forth a specific assignment of error and, instead, has set forth the following issue presented for review (which we shall consider to be his assignment of error):

"Did the documentation filed in support of and in opposition to the Motion for Summary Judgment of Stanley P. Balcerzak, M.D. demonstrate that a genuine issue of material fact exists as to whether the defendant Dr. Balcerzak was employed by the State of Ohio *at all times* that he provided medical care and treatment to the plaintiff's decedent, John A. Katko." (Emphasis *sic.*)

Plaintiff brought this action against defendants, Stanley P. Balcerzak and Charles T. Cloutier, founded in medical malpractice, contending that

the defendants, both doctors, negligently caused the death of plaintiff's decedent, John A. Katko, through negligent medical services performed while the decedent was a patient at Ohio State University Hospitals. Both defendants filed answers to plaintiff's complaint, alleging various defenses, including a defense that the complaint failed to state a claim upon which relief could be granted and a defense that the common pleas court lacked jurisdiction over the subject matter and over the person of the defendants, but failed to allege any affirmative defense of immunity from suit.

However, both defendants filed motions for summary judgment supported by affidavits which raised the affirmative defense of immunity pursuant to R.C. 9.86, which motions were sustained by the trial court. The basic contention of defendants is that they are immune from liability pursuant to R.C. 9.86 because they were full-time employees of the Ohio State University and acted within the scope of that employment in rendering medical services to plaintiff's decedent. Plaintiff did not contest the motion of defendant Dr. Cloutier but filed a memorandum opposing the motion of defendant Dr. Balcerzak as supported by his deposition.

R.C. 9.86 provides in pertinent part as follows:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Defendants make two contentions in reliance upon R.C. 9.86: one to the effect that, if a person against whom an action for negligence is brought demonstrates that he is a state employee, the immunity attaches unless it be proved that he acted outside the scope of such employment; and the other to the effect that the common pleas court has no jurisdiction to determine the immunity issue, sole jurisdiction to determine that issue being vested in the Court of Claims. We reject both of defendants' contentions.

Turning first to the second contention, that only the Court of Claims has jurisdiction to determine the immunity issue, R.C. 2743.02(A)(1) provides in pertinent part as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Thus, R.C. 2743.02 refers to the immunity of R.C. 9.86 as being a waiver created by filing the action in the Court of Claims. Similarly, R.C. 2743.02(A)(2) provides as follows:

"In any circumstance in which a claimant proves in the court of claims

that an officer or employee, as defined in division (A) of section 109.36 of the Revised Code, would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of claims in any action that is timely filed * * *."

Accordingly, R.C. 2743.02(A) would tend to indicate that R.C. 9.86 is not self-executing as to actions in the Court of Claims. Instead, it is the filing of an action in the Court of Claims (not the determination of the Court of Claims) that invokes the application of R.C. 9.86 to confer immunity upon a state employee whose negligent acts are alleged to have injured another and constitutes a predicate for an action against the state. The waiver is absolute unless it is later determined by the Court of Claims that the employee acted outside the scope of his employment or acted maliciously, wantonly, recklessly or in bad faith.

However, there is nothing in either R.C. 2743.02 or R.C. 9.86 which confers exclusive jurisdiction upon the Court of Claims to determine whether a state employee is entitled to the immunity afforded by R.C. 9.86. Rather, R.C. 2743.02 clearly indicates that the Court of Claims has no jurisdiction over the immunity issue unless and until an action is commenced in the Court of Claims predicated upon the allegedly immune employee's negligence. An injured person is precluded from maintaining an action against the state in the Court of Claims pursuant to R.C. 2743.02(A) unless such injured person concedes that the state employee is entitled to the immunity of R.C. 9.86 and waives any right to contend otherwise. In the Court of Claims, only the state can contest the issue of whether the employee acted within the scope of his employment or acted maliciously, wan-

tonly, recklessly or in bad faith. The employee is not a party and has no right to be heard upon the immunity issue in the Court of Claims.

Accordingly, reading R.C. 9.86 and R.C. 2743.02(A) *in pari materia,* we conclude that a person injured by the negligence of a state employee has an election whether to bring the action against the employee in a common pleas court (or other court of appropriate jurisdiction) by contending that the employee acted outside the scope of any state employment or acted maliciously, wantonly, recklessly or in bad faith, or to bring the action against the state in the Court of Claims and contend that the employee acted within the scope of his state employment and did not act maliciously, wantonly, recklessly or in bad faith. There simply is nothing in the statutes requiring the injured party, plaintiff or his representative to elect to bring the action in the Court of Claims against the state, rather than in the common pleas court against the state employee.

Defendants rely upon *Moss* v. *Coleman* (1982), 5 Ohio App. 3d 177, 5 OBR 360, 450 N.E. 2d 725, as indicating the action must be brought in the Court of Claims since in that case we affirmed the dismissal of an action brought in the common pleas court against state employees. However, we did not in *Moss* find no jurisdiction in the common pleas court to determine the issue, even though the motion which was sustained was predicated upon lack of jurisdiction but, instead, we found that, under the facts involved in *Moss,* the state was the real party in interest, and that the defendants had been sued "in their professional capacities working for the state of Ohio in the Central Ohio Psychiatric Hospital. * * *" *Id.* at 178, 5 OBR at 362, 450 N.E. 2d at 727. In short, the effect of our determination in *Moss* was that the immunity of R.C. 9.86 attached because the em-

ployees were being sued for allegedly negligent performance of duties falling within the scope of the performance of their duties as employees of the state. In *Moss,* however, the action was not dismissed as against two of the defendant state employees who allegedly committed an intentional tort.

In *Van Hoene* v. *State* (1985), 20 Ohio App. 3d 363, 20 OBR 467, 486 N.E. 2d 868, it was held that the common pleas court has jurisdiction to determine whether there is immunity under R.C. 9.86, at least with respect to whether the defendant state employees acted with malicious purpose and bad faith or in a wanton and reckless manner. We see no reason that the jurisdictional issue should not be determined likewise with respect to whether the employee acted within the scope of his state employment.

This court indicated to the same effect in *Smith* v. *Stempel* (1979), 65 Ohio App. 2d 36, 19 O.O. 3d 23, 414 N.E. 2d 445, involving only the waiver issue of R.C. 2743.02(A) and not the immunity issue of R.C. 9.86. In that case, where the plaintiff had also commenced an action against the state in the Court of Claims, we found that the common pleas court necessarily must find the waiver issue in favor of the defendant until such time as the Court of Claims determined the scope-of-employment issue but found that, under the circumstances involved, only an interlocutory order of dismissal should be entered permitting later modification in case the Court of Claims found the scope-of-employment issue favorably to the plaintiff. As we noted in *Smith,* however, the waiver issue was an affirmative defense. As in this case, the state employees in question contended that they were members of the medical staff of the Ohio State University Hospitals.

Accordingly, plaintiff properly brought this action in the common pleas court against the defendant state employees, and that court has jurisdiction of the action, even if it be proved that the defendants are entitled to immunity under R.C. 9.86. However, the contention that such immunity attaches is an affirmative defense. The plaintiff should not be divested of the right to have that issue litigated in the common pleas court, rather than in the Court of Claims. A plaintiff waives the right to have the issue determined in common pleas court with a right to a jury trial only if the plaintiff files an action against the state invoking the automatic waiver provision of R.C. 2743.02(A). See *Torpey* v. *State* (1978), 54 Ohio St. 2d 398, 8 O.O. 3d 403, 377 N.E. 2d 763. It is also doubtful that the state employee would be bound by an adverse Court of Claims determination. The employee is not a party to a Court of Claims action, and the interests of the state and the state employee would be adverse, rather than in privity. The state employee in any event would be entitled to a jury trial upon the factual issue of right to immunity under R.C. 9.86, including the underlying factual issues of scope of employment and wantonness, maliciousness or recklessness. Thus, it is conceivable that different results could ensue as between the state and the state employee, under present law, such as they have under prior law as indicated in *Torpey.*

Although defendant Dr. Balcerzak in his affidavit suggests that he acted at all times on behalf of the state, he expressly stated to the contrary in his deposition, stating that he treated patients only as private patients and rendered them a bill for his services through a medical partnership with which he was associated. He also stated that no part of the payment for his treatment of patients, including plaintiff's decedent herein, was paid over to the state, that is the Ohio State

University, although the partnership did make a contribution to the university in the nature of payment for rent. The partnership, however, paid for partnership business services such as telephone and billing equipment. Dr. Balcerzak did state that it was difficult for him "to say when teaching stops and patient care picks up." He indicated that the services for the university performed in connection with treating patients was in the nature of teaching and research, rather than rendering medical care for a fee. In his deposition, we indicated that his teaching duties consisted of "teaching house staff and students how to take care of patients."

At the very least, there is a factual issue as to whether Dr. Balcerzak acted within the scope of his employment with Ohio State University in rendering medical care and services to plaintiff's decedent. The fact that Dr. Balcerzak rendered the services to the plaintiff's decedent as a private patient and received payment for his services through the partnership, no part of which was paid over to Ohio State University, tends to indicate that, in treating the patient, Dr. Balcerzak was acting outside the scope of his duties for Ohio State University and conducting a business of his own, albeit in connection with his employment at Ohio State University.

In any event, the trial court erred in sustaining the motion for summary judgment of Dr. Balcerzak since there is a factual issue as to whether he rendered medical services to plaintiff's decedent in his capacity as an individual physician, rather than in his capacity as an employee of Ohio State University Hospitals. As to Dr. Cloutier, however, no issue has been raised on appeal and, accordingly, the trial court did not err in sustaining the motion for summary judgment as to him. The assignment of error is sustained as to the trial court's dismissal of plaintiff's action as against defendant Balcerzak.

For the foregoing reasons, the assignment of error is sustained as to defendant Stanley P. Balcerzak. The judgment of the Franklin County Court of Common Pleas is reversed with respect to defendant Balcerzak, but is affirmed with respect to defendant Charles T. Cloutier, and this cause is remanded for further proceedings upon plaintiff's claim against Dr. Balcerzak in accordance with law and consistent with this opinion.

*Judgment reversed in part, affirmed in part and cause remanded.*

BOWMAN and BRYANT, JJ., concur.