## KLINGEL et al.

v.

## OHIO STATE UNIVERSITY HOSPITALS et al.

Court of Claims of Ohio.

No. 95–01255.

Decided June 22, 1995.

*Gerald J. Todaro,* for plaintiffs.

*Karl W. Schedler,* Special Counsel, for Ohio State University Hospitals.

*Edwin J. Hollern,* for Patrick Ross, M.D.

*Jack R. Alton* and *Mary Barley–McBride,* for P. David Myerowitz and Department of Surgery Corporation, P.C.

FRED J. SHOEMAKER, Judge.

This matter came on for an evidentiary hearing pursuant to R.C. 2743.02(F) for the purpose of determining whether Dr. Patrick Ross, Jr. and Dr. P. David Myerowitz, or either of them, are entitled to immunity.

R.C. 2743.02(F) defines the scope of the court's inquiry in this proceeding:

"(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer, or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

The definition of "employee" is set forth in R.C. 109.36(A):

"(A) 'Officer or employee' means any person who, at the time a cause of action against him arises, is serving in an elected or appointed office or position with the state; is employed by the state; or is rendering medical nursing, dental, podiatric, optometric, physical therapeutic, psychiatric or psychological services pursuant to a personal services contract with a department, agency, or institution of the state. Officer or employee does not include any person elected, appointed, or employed by any political subdivision of the state."

Ohio State University Hospitals ("OSUH") is the "state" for purposes of the above section. The only disputed issues before the court are whether Ross and Myerowitz were acting manifestly outside the scope of their employment with OSUH when they performed the acts alleged to have been negligent.

While performing surgery on Carole Klingel, for a fee, Ross was not acting within the scope of his employment at OSUH. See *Katko v. Balcerzak* (1987), 41 Ohio App.3d 375, 536 N.E.2d 10, wherein the court stated:

"The fact that Dr. Balcerzak rendered the services to the plaintiff's decedent as a private patient and received payment for his services through the partnership, no part of which was paid over to Ohio State University, tends to indicate that, in treating the patient, Dr. Balcerzak was acting outside the scope of his duties for Ohio State University and conducting a business of his own, albeit in connection with his employment at Ohio State University."

This court held in *Cox v. Ohio State Univ. Hosp.* (Mar. 2, 1994), Court of Claims No. 92–08038, unreported, that physicians that treated a patient through their practice plan corporations, on a fee-for-service basis, "performed on behalf of their private medical services corporations and not on behalf of OSUH. Therefore, the physicians are found to have acted outside the scope of their state employment and are not entitled to the immunity set forth in R.C. 9.86."

The facts in *Katko, supra,* are strikingly similar to this case because the physicians were employed by medical services corporations which were privately

owned. OSUH was not a stockholder of those corporations. The physicians received income for the services they performed for patient care from their private corporations, and each physician was separately covered by liability insurance that had been purchased through the private corporations. The physicians were also part-time employees of OSUH when performing research and teaching medical students. They received approximately one-sixth of their earned income from OSUH. The private corporation received all fees for the patient care rendered by the physicians.

Myerowitz was also performing services for his private corporation when he allegedly attempted to control the referral of elective heart patients to the private corporation. The court finds that activity was not related to research or teaching students. Myerowitz's alleged activities were his efforts to improve the financial condition of the private corporation and to satisfy the staff physicians.

The court finds that neither Dr. Ross nor Dr. Myerowitz is entitled to immunity. The courts of common pleas have jurisdiction over the civil action.

*So ordered.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.