OPINION
Plaintiff-appellant, Roger D. Staton, appeals from a summary judgment rendered in favor of defendants-appellees, Miami University and its various officers and employees. Staton claims that the trial court erred in dismissing his Section 1983, Title 42, U.S. Code claims against Miami University's officers and employees based on his having previously filed an action in the Ohio Court of Claims. Staton suggests that his Section 1983 claims for prospective relief, namely reinstatement with tenure, survived his waiver of any causes of action against any state officers or employees under R.C. 2743.02(A)(1). Also, Staton contends that the trial court erred in dismissing his first motion for summary judgment, which was unopposed by the defendants, as premature.
We conclude that Ohio law does not recognize an exception to the absolute waiver contained in R.C. 2743.02(A)(1) that would permit Staton's Section 1983 claims for prospective relief to survive the filing of an action based on the same act or omission in the Ohio Court of Claims. In addition, we conclude that the trial court did not err in dismissing Staton's first motion for summary judgment as premature. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1988, Miami University hired Staton to teach business law courses in the School of Business Administration, Department of Finance. Miami University employed Staton pursuant to a one-year employment contract, which was renewed annually. The employment contract incorporated the Miami University Information and Policy Manual, which set forth the terms and conditions for tenure. In 1993, Miami University evaluated Staton's candidacy for tenure. Ultimately, the University Promotion and Tenure Committee declined to recommend Staton for tenure. Also, Miami University decided not to renew Staton's employment contract beyond the 1994-1995 academic year.
On September 21, 1994, Staton filed a nine-count complaint against Miami University in the Ohio Court of Claims, Case No. 94-11656, based on allegations stemming from the University Promotion and Tenure Committee's failure to recommend tenure. On October 21, 1994, the Ohio Court of Claims filed an entry staying the proceedings after finding that Staton had filed claims with the Equal Employment Opportunity Commission and the State Employment Relations Board and that the disposition of those claims might be wholly or partially dispositive of Staton's claims in the Ohio Court of Claims as collateral recovery.
On December 28, 1994, Staton filed a twelve-count complaint against Miami University and twenty-five individual defendants, members of the University Promotion and Tenure Committee and the Miami Board of Trustees, based on allegations stemming from the University Promotion and Tenure Committee's failure to recommend tenure. Among other allegations, the complaint alleged that Miami University and its officers and employees failed to follow established procedures in determining Staton's qualifications for tenure and thus denied Staton his procedural and substantive due process rights. Staton's complaint was later amended to add further factual allegations and an additional count.
Miami University filed a motion to dismiss the complaint, and, soon after, Staton filed a motion for summary judgment. In an interlocutory order, the trial court ruled that it lacked subject-matter jurisdiction over Miami University and dismissed it from the lawsuit. The trial court also ruled that it lacked subject-matter jurisdiction over all statelaw claims asserted against the individual defendants. The trial court denied Staton's motion for summary judgment, but permitted Staton to file a subsequent motion after further discovery.
On April 26 1995, Staton filed a complaint against Miami University and its officers and employees in the United States District Court, Southern District of Ohio, Case No. C-1-95-311, based on allegations stemming from the University Promotion and Tenure Committee's failure to recommend tenure. The District Court dismissed Staton's Section 1983, Title 42, U.S. Code claims and state law claims after finding that Miami University and the individual defendants were immune from liability based on theEleventh Amendment of the United States Constitution. Later, the District Court dismissed Staton's remaining federal claims against the individual defendants based on Staton's waiver of his cause of action pursuant to R.C. 2743.02(A)(1). Finally, on May 14, 1997, the District Court dismissed the remaining federal claims against Miami University.
On March 14, 1997, the individual defendants filed a motion for summary judgment in the trial court. Soon after, Staton also filed a motion for summary judgment. On September 22, 1997, the trial court entered its decision granting the defendants' motion for summary judgment, denying Staton's motion for summary judgment, and dismissing Staton's complaint. The trial court determined that all of Staton's claims against the individual defendants were waived pursuant to R.C. 2743.02(A)(1).
From the judgment of the trial court, Staton appeals.
 II
Staton's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
Staton argues that although he first filed an action in the Court of Claims before filing this action in the trial court, he was not required to do so for his Title 42, Section 1983, U.S. Code claims, and so those claims are not subject to the jurisdictional limitations set forth in R.C. 2743.02(F). Staton also argues that the decision of the Court of Claims to stay proceedings pending the outcome of various collateral actions filed by Staton effectively granted the trial court jurisdiction to proceed with the Section 1983 portion of this action irrespective of R.C.2743.02(F).
Finally, Staton contends that his Section 1983 claims praying for equitable relief are not subject to the waiver set forth in R.C. 2743.02(A)(1), based on principles grounded in theEleventh Amendment of the United States Constitution.
R.C. 2743.02 states as follows:
 (A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liabilities determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40
of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.
 Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
* * *
 (F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
 The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.
In its September 26, 1996 interlocutory order, the trial court dismissed, without prejudice, all claims against Miami University and all state claims against individual defendants based on a lack of subjectmatter jurisdiction. As a threshold matter, we find that the trial court's ruling was proper in light of R.C. 2743.02. As an instrumentality of the State of Ohio, Miami University may only be sued in the Court of Claims pursuant to R.C.2743.02(A)(1). Similarly, state-law claims against officers and employees of Miami University must first be brought in the Court of Claims to determine whether that officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2743.02(F); Turner v. Haas (1995), 107 Ohio App.3d 853,669 N.E.2d 565; Smith v. Stempel (1979), 65 Ohio App.2d 36,41-42, 19 O.O.3d 23, 414 N.E.2d 445. On appeal, however, Staton primarily objects to the trial court's September 22, 1997 decision dismissing his federal law claims, particularly his claims based on Section 1983, Title 42, U.S. Code, against Miami University's officers and employees.
"A cause of action under Section 1983 must allege that a person, acting `under color of law,' deprived the plaintiff of a constitutionally guaranteed federal right." Conley v. Shearer (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862, citing Cooperman v. Univ. Surgical Assoc., Inc. (1987), 32 Ohio St.3d 191,513 N.E.2d 288, paragraph two of the syllabus. Personal immunity for state officers and employees under R.C. 9.86 is expressly limited to civil action arising under the laws of Ohio, so the exclusive, original subject matter jurisdiction afforded the Court of Claims by R.C. 2743.02(F) does not apply to federal claims. Further, courts have uniformly held that violations of Section 1983, Title 42, U.S. Code by state officers and employees cannot be immunized by state law and that a court of common pleas has jurisdiction to hear such claims. Conley, supra,64 Ohio St.3d at 292-293; see Bleicher v. Univ. of Cincinnati College of Med. (1992), 78 Ohio App.3d 302, 306, 604 N.E.2d 783 (holding that constitutional and Section 1983 claims are not actionable in the Court of Claims).
While we agree with Staton that the trial court had jurisdiction to hear his Section 1983 claims against Miami University's officers and employees, we also note that the trial court retained its jurisdiction over those claims and dismissed the Section 1983 claims based on Staton's complete waiver of any cause of action against any state officer or employee as set forth in R.C.2743.02(A)(1). Thus, Staton's arguments based on the trial court's purported application of R.C. 2743.02(F) are immaterial; we need only focus on his remaining argument that the waiver set forth in R.C. 2743.02(A)(1) is inapplicable to his Section 1983 claims against Miami University's officers and employees.
R.C. 2743.02(A)(1) explicitly provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any [state] officer or employee." The rationale behind this provision is that the state waives its sovereign immunity and consents to be sued in the Court of Claims in exchange for the plaintiff's waiver of any cause of action against any state officer or employee. Leaman v. Ohio Dep't of Mental Retardation (C.A. 6, 1987), 825 F.2d 946, 951. "In providing that an election to sue the state in the Court of Claims results in a complete waiver of any cognate cause of action, against individual state officers or employees, the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action based upon state law." Id. at 952. From this unambiguous statement of law, we might conclude that Staton waived his Section 1983 claims against Miami University's officers and employees when he first filed his action in the Court of Claims. Courts have upheld waivers of Section 1983 claims pursuant to R.C. 2743.02(A)(1) even though such claims are not actionable in the Court of Claims. See id. However, Staton argues that his prospective equitable prayer for relief, namely an injunction granting reinstatement with tenure, was unaffected by his waiver based on an exception grounded in the Eleventh Amendment of the United States Constitution.
In Thompson v. Harmony (C.A. 6, 1995), 65 F.3d 1314, 1320-1321, the United States Court of Appeals affirmed the doctrine set forth in Ex parte Young (1907), 209 U.S. 123, 28 S.Ct. 441, and clarified in Edelman v. Jordan (1974), 415 U.S. 651, 94 S.Ct. 1347, and held that where the plaintiff seeks prospective relief to prevent state officials from violating federal law, and that relief has only an incidental effect on state coffers, theEleventh Amendment's jurisdictional bar to actions against the states in federal court does not apply. In Thompson, the court permitted the plaintiff to pursue his claim in federal court for injunctive reinstatement based on alleged violations of Section 1983, Title 42, U.S. Code even after he had filed an action against the state in the Court of Claims. The court concluded that the statutory waiver under R.C. 2743.02(A)(1) did not apply because: first, there was no quid pro quo where, under the Ex parte Young doctrine, the state had no Eleventh Amendment immunity to trade for the plaintiff's surrender of his equitable claims for prospective relief; second, the requested injunctive relief, unlike monetary damages, had no more than an ancillary effect on the state's coffers; and third, the court of claims's inability to grant equitable relief undermined the bargain analysis supporting the waiver doctrine. Thompson, supra, 65 F.3d at 1321.
Staton suggests that we apply the rationale of the Thompson court in this case and find that his Section 1983 claims for reinstatement with tenure were not waived by his filing an action in the Court of Claims. We disagree.
Contrary to Staton's suggestion, the immunity waived by the state in the Court of Claims Act stems from the common-law doctrine of sovereign immunity, not from the Eleventh Amendment of the United States Constitution. "Historically, immunity for government officials and employees was derived from the legal fiction that `[t]he King could do no wrong, so any mistake in judgment on the part of the King's officials was an act for which the government would take no responsibility.'" Conley, supra,64 Ohio St.3d at 285, citing Civil Actions Against State Government, Its Divisions, Agencies and Officers (Winborne Ed. 1982) 230, Section 6.2. The Supreme Court of Ohio has held that the state and its officers are immune from liability from wrongs committed by agents of the state acting in their official capacity. See id. In 1912, the General Assembly amended the Ohio Constitution to allow actions to be brought against the state, although the provision was not self-executing and required subsequent legislation to grant specific consent. Section 16, Article I, Ohio Constitution; Roudabaugh v. State (1917), 96 Ohio St. 513, 518,118 N.E. 102, 103. In 1975, the General Assembly enacted the Court of Claims Act, creating the Court of Claims and conditioning the waiver of the state's sovereign immunity upon the plaintiff's waiver of any cause of action against any state officer or employee. R.C. Chapter 2743; R.C. 2743.02(A)(1). Thus, with respect to actions in state court, R.C. 2743.02(A)(1) is premised on the state's waiver of its common law sovereign immunity, not on the waiver of the state's sovereign immunity in federal court under the Eleventh Amendment of the United States Constitution.
With this distinction in mind, we conclude that the court's analysis in Thompson is not germane to Staton's claims in state court. The Ex parte Young doctrine, permitting the plaintiff to seek prospective relief to prevent state officials from violating federal law even after filing an action in the Court of Claims, is premised on an exception to the state's sovereign immunity under the Eleventh Amendment, which is applicable to the federal judicial power. Ohio courts have not adopted a doctrine that recognizes an exception to the quid pro quo bargain reflected in R.C. 2743.02(A)(1) — that is, the plaintiff's waiver of any claims against any state officers or employees in return for the state's waiver of its common law sovereign immunity. Accordingly, Staton waived all of his claims in the trial court against Miami University's officers and employees when he filed an action in the Court of Claims, including his claims seeking prospective relief.
Based on the foregoing, we conclude that the trial court correctly decided that Staton waived all of his claims against Miami University's officers and employees when he filed his action in the Court of Claims; therefore, the trial court properly granted the defendants' motion for summary judgment.
Staton's First Assignment of Error is overruled.
 III
Staton's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT.
Staton contends that his first motion for summary judgment, filed April 12, 1995, was unopposed by the defendants and that he had filed sufficient exhibits and affidavits to show that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. Staton maintains that the trial court had no basis for denying his motion for summary judgment.
In its September 26, 1996 interlocutory order, the trial court denied Staton's motion for summary judgment, but permitted Staton to refile his motion after further discovery. Staton later filed a second motion for summary judgment, which the trial court denied in its September 22, 1997 decision.
We disagree with Staton's assertion that the trial court must grant an unopposed motion for summary judgment. "There is no `default' summary judgment under Ohio law." Maust v. Palmer (1994), 94 Ohio App.3d 764, 769, 641 N.E.2d 818. Further, the record indicates that neither party engaged in any substantive discovery prior to Staton's filing his first motion for summary judgment because the defendants had filed a motion to dismiss, which was still pending, and the trial court had stayed discovery until it ruled on the defendants' motion. Accordingly, the trial court did not abuse its discretion in denying Staton's first motion for summary judgment as premature and in permitting Staton to refile his motion after a period of discovery.
Staton's Second Assignment of Error is overruled.
 IV
Staton's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, J., and WOLFF, J., concur.
Brogan, J., Wolff, J., and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section5(A)(3), Article IV of the Ohio Constitution.