OPINION
{¶ 1} Plaintiffs-appellants, Agnes M. Dean and her husband James Dean, appeal from the judgment of the Ohio Court of Claims which granted summary judgment in favor of defendant-appellee, the Ohio State Highway Patrol, in this action seeking damages arising out of an automobile collision which occurred on September 13, 1998.
 {¶ 2} Exactly two years after the automobile collision, on September 13, 2000, appellants commenced the predecessor to this action ("Case A") in the Franklin County Court of Common Pleas. On September 21, 2000, appellants filed a similar cause of action ("Case B") in the Court of Claims, which that court dismissed on the basis that the action was barred by the statute of limitations. In December 2000, appellants filed a notice of appeal from the dismissal of Case B. While that appeal was pending, in January 2001, appellants voluntarily dismissed their complaint in Case A. Appellants then filed a substantially similar complaint in the Court of Claims ("Case C") pursuant to the savings statute, R.C. 2305.19, which appellee followed with a motion to dismiss Case C. Meanwhile, this court affirmed the judgment of the Court of Claims in Case B in Dean v. Ohio State Highway Patrol (Mar. 28, 2002), Franklin App. No. 00AP-1455, appeal not accepted for review,96 Ohio St.3d 1468, 2002-Ohio-3910.
 {¶ 3} On December 10, 2002, the Court of Claims converted appellee's motion to dismiss Case C into a motion for summary judgment, found that res judicata in Case B barred appellant from pursuing action in Case C, and held that the savings statute was not relevant. Appellants now appeal that judgment, assigning the following as error:
The Court Of Claims Erred To The Prejudice Of Plaintiffs/appellants By Granting Defendants/appellees' Motion For Summary Judgment, Finding That Plaintiffs/appellants Were Not Permitted To Utilize The Savings Statute, R.C. 2305.19, To Transfer Their Original Action, Which Had Been Timely Filed, From Common Pleas Court To The Court Of Claims, Based Upon The Court Of Claims' Dismissal Of A Subsequent Filed Action.
 {¶ 4} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 5} Appellants argue that the trial court should not have granted summary judgment because the savings statute allowed them to refile within one year of their voluntary dismissal of the initial filing of Case A. R.C. 2305.19 provides, in part:
In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *
 {¶ 6} Appellants correctly note that R.C. 2305.19 allows a plaintiff to refile a case within one year of the failure of a case otherwise than on the merits; however, under these facts, appellants could not utilize the savings statute to revive their action because the disposition of Case B in the Court of Claims constituted a decision on the merits which rendered appellant's cause of action in Case C res judicata. See LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, syllabus ("[w]here it is properly established that in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant on the ground that the statute of limitations had expired prior to its commencement, such judgment, whether or not erroneous, is on the merits, and is res judicata, and the plaintiff is not entitled to recommence his action under Section 2305.19, Revised Code").
 {¶ 7} Appellants argue that the disposition of Case B should not affect Case C, and that permitting appellants to proceed under Case C will not create an inconsistency or result in the relitigation of matters which are res judicata.
 {¶ 8} The weight of case authority runs contrary to appellants' position. Filing a civil action in the Court of Claims results in a complete waiver of any cause of action filed in the common pleas court. R.C. 2743.02. Although a plaintiff may obtain a stay of a common pleas action while pursuing a simultaneous action in the Court of Claims in an effort to determine the defendant's scope of employment, see, e.g., Smith v. Stempel (1979), 65 Ohio App.2d 36, the successful maintenance of simultaneous causes of action presupposes that both actions are timely filed. In the situation before us, appellants' cause in Case B was time-barred, the Court of Claims' determination was a decision on the merits, and appellants could not thereafter avail themselves of the savings statute in Case C because the matter was res judicata.
 {¶ 9} At several points appellants could have pursued a different course of action, thereby securing their ability to go forward. For example, had appellants not filed Case B but instead only pursued what would, in effect, have been a transfer of Case A from common pleas court to the Court of Claims, res judicata would not have impeded their progress, and the savings statute would have applied. Similarly, had appellants voluntarily dismissed Case B prior to the Court of Claims entering judgment, no decision on the merits would have been rendered and res judicata would not apply to Case C. Had appellants timely filed Case B in the Court of Claims, the common pleas action in Case A could have been voluntarily dismissed, or stayed pending a scope of employment decision in the Court of Claims, with no prejudice to appellants resulting.
 {¶ 10} Appellants charge that application of res judicata under these facts produces an unnecessarily harsh result, because appellants will be precluded from pursuing a resolution of their claims upon the merits. Indeed, the cases relied on by appellant have held that, where counsel's error was minor, technical, correctible or inadvertent, justice is best served by an attitude of judicial tolerance, and procedural rules should not operate to deny the plaintiff his day in court. See DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189; National Mut. Ins. Co. v. Papenhagen (1987), 30 Ohio St.3d 14. Res judicata, however, is not a procedural rule and its application may not be avoided on the grounds that the result will be harsh or was brought about by a "minor" or "inadvertent" error.
 {¶ 11} Based upon these considerations, appellants' assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.