784 F.2d 345
 Anant Kumar TRIPATI, Plaintiff-Appellant,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; Kent
E. Lindgren; Holland & Hart Law Firm; Jerry Brimmer;
Clarence A. Brimmer; Richard A. Stacy; Darrell Mills;
D.J. Fisher; and Ewing T. Kerr, Defendants-Appellees.
 No. 85-1316.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 20, 1986.
 
 Anant Kumar Tripati, pro se.
 Robert N. Miller, U.S. Atty., and Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.
 Before LOGAN, MOORE and ANDERSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.
 
 
 2
 Plaintiff sued nine defendants pro se for alleged violations of his civil rights, abuse of process and malicious prosecution, judicial misconduct, and illegal deportation. He sought damages and release from custody. All of the defendants were involved in plaintiff's prior criminal conviction in United States District Court for the District of Wyoming; the suit against them was dismissed on various grounds, some raised by plaintiff's own motion.
 
 
 3
 Plaintiff now challenges only the dismissal under Fed.R.Civ.P. 12(b)(6) of four of the defendants: The United States attorney in charge of his prosecution, an officer of the United States Immigration and Naturalization Service, and two federal probation officers.[1]
 
 1. United States Attorney
 
 4
 The district court dismissed the U.S. attorney because he was shielded by absolute immunity while acting within the course of his duties in initiating prosecution and presenting the government's case. See Imbler v. Pachtman, 424 U.S. 409, 427-31, 96 S.Ct. 984, 993-95, 47 L.Ed.2d 128 (1976) (42 U.S.C. Sec. 1983 case against prosecutor); Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir.), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982) (42 U.S.C. Sec. 1983 case against prosecutor); see also Butz v. Economou, 438 U.S. 478, 496, 98 S.Ct. 2894, 2905, 57 L.Ed.2d 895 (1978) (42 U.S.C. Sec. 1983 cases instructive when considering immunity of federal officials); id. at 498-99 and nn. 25 and 26, 98 S.Ct. at 2906-07 and nn. 25 and 26 (immunity available to federal defendants equivalent to that available to state defendants); id. at 504, 98 S.Ct. at 2909 (untenable to distinguish immunity law between 42 U.S.C. Sec. 1983 suits and those brought directly under the Constitution). We agree with the district court. All of plaintiff's allegations against the U.S. attorney involved either the initiation or presentation of the government's case.
 
 2. Immigration Officer
 
 5
 The district court dismissed the immigration officer after noting that he acted within the scope of his duties as a public official and finding that none of his actions deprived plaintiff of constitutional rights. The officer had claimed qualified immunity. Again, we agree. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).
 
 
 6
 Plaintiff is a resident alien. His complaint alleged only that the immigration officer reported plaintiff's conviction to the Immigration and Naturalization Service as a deportable offense. This report caused placement of a detainer against plaintiff in federal custody until the deportation issue could be resolved. This routine practice did not result in a clear violation of plaintiff's constitutional rights of which a reasonable person should have known.
 
 3. Probation Officers
 
 7
 Plaintiff alleged that the two probation officers made false statements in a pretrial bond report and a presentence report. The district court ruled that: (1) the probation officers were performing their official duties, (2) their actions required judgment or discretion, and (3) qualified immunity would further policies underlying the official immunity doctrine. Relying on this test from Strothman v. Gefreh, 739 F.2d 515, 518-19 (10th Cir.1984), the court granted the probation officers qualified immunity and dismissed the case against them. We agree that these defendants are immune from suit on the facts alleged, but we arrive at that conclusion in a different way.
 
 
 8
 In Strothman, we granted absolute immunity to federal officials sued on common-law tort theories. We recognized the Supreme Court's distinction between cases like Strothman and those that accuse federal officials of violating the Constitution or of acting outside federal statutory authority. See id. at 520; see also Economou, 438 U.S. at 495, 98 S.Ct. at 2905. In the second type of suit, the officials "in general are not absolutely immune ... unless they are performing a narrowly defined judicial, executive, or legislative function." Strothman, 739 F.2d at 520 (emphasis added). See Economou, 438 U.S. at 508-17, 98 S.Ct. at 2911-16 (granting absolute immunity to federal agency hearing examiners and officials responsible for initiating and prosecuting enforcement actions); Stump v. Sparkman, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978) (granting absolute 42 U.S.C. Sec. 1983 immunity to judge); Imbler, 424 U.S. at 430, 96 S.Ct. at 994 (granting absolute 42 U.S.C. Sec. 1983 immunity to prosecutor whose activities "were intimately associated with the judicial phase of the criminal process"); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967) (granting absolute 42 U.S.C. Sec. 1983 immunity to judge); cf. Cleavinger v. Saxner, --- U.S. ----, ----, 106 S.Ct. 496, 501-04, 88 L.Ed.2d 507, (1985) (granting qualified immunity to prison disciplinary committee members). We have granted absolute and qualified immunity to government officials under the same exception. See Wilhelm v. Continental Title Co., 720 F.2d 1173, 1177-78 (10th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984) (absolute immunity to director of civil rights agency); Johnston v. Herschler, 669 F.2d 617, 620 (10th Cir.1982) (absolute immunity to governor); Henriksen v. Bentley, 644 F.2d 852, 854-56 (10th Cir.1981) (absolute or qualified immunity to clerk of court).
 
 
 9
 Other circuits have extended absolute immunity to probation officers in situations similar to the one at bar, based on the officers' performance of "quasi-judicial" functions. Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir.1984) (granting absolute 42 U.S.C. Sec. 1983 immunity); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir.1979) (granting absolute immunity to federal probation officers); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970), cert. denied, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971) (granting "similar, if not the same," 42 U.S.C. Sec. 1983 immunity given judges). We agree with this conclusion.
 
 
 10
 There can be no doubt that both the decision whether to order the pretrial release of a criminal defendant and the selection of an appropriate sentence after his conviction are important parts of the judicial process in criminal cases. Probation officers who assist in these determinations perform critical roles. See Briscoe v. LaHue, 460 U.S. 325, 336, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983) (police officer witness with "critical role" immune). Indeed, this court has said that, when preparing a presentence report under Fed.R.Crim.P. 32, "it is evident ... that the probation service is an arm of the court. It is not an investigative arm for the prosecution. A presentence report is prepared exclusively at the discretion of and for the benefit of the court." United States v. Dingle, 546 F.2d 1378, 1380-81 (10th Cir.1976). The same can be said of preparation of a pretrial release report.
 
 
 11
 We therefore hold that when, as here, the challenged activities of a federal probation officer are intimately associated with the judicial phase of the criminal process, he or she is absolutely immune from a civil suit for damages. The judgment of the United States District Court for the District of Colorado is AFFIRMED. See 10th Cir.R. 17(b).
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 We note initially that plaintiff's invocation of the court's jurisdiction under 28 U.S.C. Sec. 1343 and 42 U.S.C. Secs. 1981, 1983, 1985, 1986, and 1988 is incorrect as to the four federal employee defendants before us. Plaintiff's additional assertion of general federal-question jurisdiction under 28 U.S.C. Sec. 1331 is correct as a basis for an implied federal cause of action alleging deprivation of constitutional rights by persons acting under color of federal law. See Butz v. Economou, 438 U.S. 478, 486, 98 S.Ct. 2894, 2900, 57 L.Ed.2d 895 (1978); Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971); id. at 398 and n. 1, 91 S.Ct. at 2006 and n. 1 (Harlan, J., concurring). Although plaintiff's complaint does not cite Bivens or related cases, we recognize the general principle of affording pro se litigants' pleadings liberal construction. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). We therefore find the complaint's invocation of jurisdiction satisfactory and proceed to the issue of whether these four defendants had immunity. Such immunity can halt the progress of a plaintiff pursuing a private cause of action for damages implied directly from the Constitution