WILSON ET AL., APPELLANTS, *v.* PATTON, APPELLEE.

(No. 87 CA 18—Decided June 28, 1988.)

*Pearly L. Wilson* and *Everett Hunt, Jr.,* pro se.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Frederick C. Schoch,* for appellee.

STEPHENSON, J. This is an appeal from a judgment entered by the Hocking County Court of Common Pleas granting the motion of Jerry Patton, defendant below and appellee herein,

to dismiss the complaint and the amendment to the complaint of Pearly L. Wilson and Everett Hunt, Jr., plaintiffs below and appellants herein, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Appellants assign the following errors:

I. "Did the trial court err to [the] prejudice of plaintiffs when it granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted?"

II. "The trial court erred to [the] prejudice [of] the plaintiffs-appellants when it dismissed the action although it appears beyond doubt that complainants can prove [a] set of facts in support of their claims that would entitle them to the relief prayed for."

On May 22, 1987, appellants, inmates at Hocking Correctional Facility, filed a *pro se* complaint which averred in pertinent part as follows. On or about March 16, 1987, appellee, a nurse and health care administrator at Hocking Correctional Facility, was induced to invade the privacy of appellants by Ohio Assistant Attorney General Frederick C. Schoch in violation of appellants' constitutional right to privacy, R.C. Chapter 1347, and R.C. 102.03(B). On March 16, 1987, appellee executed under oath an affidavit for Assistant Attorney General Schoch which disclosed privileged information from appellants' medical files and records, which appellants did not divulge to either appellee or Schoch and which was not waived in order that it could be divulged to any source. Appellee's disclosure and use of such confidential information was without appropriate authorization. As a result of the intentional acts of appellee and Assistant Attorney General Schoch, appellants suffered psychological problems of fear, stress, sleeplessness, anxiety, depressed identity, and confusion.

Appellants both prayed for $750,000 in damages.

On June 23, 1987, appellee filed a motion to dismiss appellants' complaint for failure to state a claim upon which relief can be granted, Civ. R. 12(B)(6), and lack of subject matter jurisdiction, Civ. R. 12(B)(1). Appellee's memorandum in support of his motion to dismiss stated that the affidavits executed by appellee which appellants' complaint referred to were filed in a separate lawsuit.

On July 2, 1987, appellant Pearly L. Wilson filed an amendment to the previously filed complaint wherein he averred that appellee had again violated his constitutional right to privacy as well as his rights pursuant to R.C. Chapter 1347 and R.C. 102.03 (B) by disclosing more confidential information without appropriate authorization on June 8 and June 17, 1987. On July 15, 1987, appellee filed a motion to dismiss appellant Pearly L. Wilson's amendment to the complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Attached to appellee's motion to dismiss the amendment to the complaint was a copy of appellant Pearly L. Wilson's motion to strike certain documents in a federal case styled as *Pearly Wilson* v. *Dr. Tenoglia* (S.D. Ohio 1987), No. C2-83-2367, unreported, wherein appellant Pearly L. Wilson moved to strike affidavits executed by appellee on June 8 and June 17, 1987 on the asserted basis that the affidavits did not comply with Fed. R. Civ. P. 56(e) and (g).

On July 15, 1987, appellee filed a supplemental memorandum in support of his motion to dismiss. Attached to such memorandum was a copy of appellants' motion to strike certain documents in *Pearly Wilson* v. *Richard P. Seiter* (S.D. Ohio 1987), No. C2-86-1046, unreported, wherein ap-

pellants moved to strike an affidavit executed by appellee partly on the basis that the information contained in the affidavit was privileged and confidential.

On July 27, 1987, appellants filed a motion for summary judgment, attaching several affidavits and exhibits. On August 6, 1987, the trial court entered judgment granting appellee's motions to dismiss the complaint and the amendment to the complaint.

Appellants' first assignment of error asserts that the trial court erred in granting appellee's motion to dismiss for failure to state a claim upon which relief can be granted and appellants' second assignment of error asserts that the trial court erred when it dismissed the action although it appeared beyond doubt that they could prove a set of facts in support of their claims that would entitle them to the relief prayed for. In that appellants' assignments of error raise similar issues of law and fact, they will be considered jointly.

Appellee argues that the trial court correctly dismissed appellants' complaint and amendment to the complaint in that the Court of Claims had exclusive jurisdiction to decide whether appellee was protected by the immunity statute, appellants failed to allege a claim under either state statutory or constitutional law, appellants waived their right to privacy when they filed prior federal lawsuits, and such prior federal lawsuits collaterally estopped appellants from raising the claims herein.

With respect to whether the trial court properly dismissed appellants' complaint and amendment to the complaint on the basis of lack of subject matter jurisdiction, it has been held that "[s]ubject matter jurisdiction may not be conferred upon the court by agreement of the parties, may not be waived, and is the basis for mandatory sua sponte dismissal. * * *" *State, ex rel. Lawrence Development Co.,* v. *Weir* (1983), 11 Ohio App. 3d 96, 11 OBR 148, 463 N.E. 2d 398, paragraph two of the syllabus.

R.C. 2743.02(A)(1) provides, in pertinent part, as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * * ."

The sovereign immunity rule in Ohio is based upon the constitutional provision stating that suits may be brought against the state in such courts and in such manner as may be provided by law. Section 16, Article I, Ohio Constitution. In R.C. 2743.02, the legislature has waived the state's immunity from liability and consented to be sued in the Court of Claims. *Moss* v. *Coleman* (1982), 5 Ohio App. 3d 177, 177-178, 5 OBR 360, 361, 450 N.E. 2d 725, 726; *McIntosh* v. *Univ. of Cincinnati* (1985), 24 Ohio App. 3d 116, 118, 24 OBR 187, 189, 493 N.E. 2d 321, 323. "A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state [, and] [t]he Court of Claims was created to become the sole trial-level adjudicator of claims against the state * * *." *Friedman* v. *Johnson* (1985), 18 Ohio St. 3d 85, 87, 18 OBR 122, 124, 480 N.E. 2d 82, 84.

Appellee argues that the court of common pleas was without jurisdiction to proceed in an action brought against a state employee absent a prior determination by the Court of Claims that the state official acted manifestly outside the scope of his employment, or acted with malicious purpose, in bad faith, or in a wanton or reckless man-

ner. Appellee's argument is based upon the contention that "the court" referred to in R.C. 2743.02(A)(1) is the Court of Claims, thereby divesting other courts of jurisdiction until the Court of Claims makes the applicable determination. See *McIntosh, supra,* at 120, 24 OBR at 190-191, 493 N.E. 2d 324-325; *Smith* v. *Stempel* (1979), 65 Ohio App. 2d 36, 19 O.O. 3d 23, 414 N.E. 2d 445. This argument has been expressly rejected by the Supreme Court of Ohio in *Cooperman* v. *Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St. 3d 191, 513 N.E. 2d 288, where it held as follows in the second paragraph of the syllabus:

"A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission. * * *" See, also, *Von Hoene* v. *State* (1985), 20 Ohio App. 3d 363, 20 OBR 467, 486 N.E. 2d 868.

In that the record herein does not indicate that appellants have filed another suit in the Court of Claims, the trial court erred in its dismissal of appellants' complaint and the amendment to the complaint based on lack of subject matter jurisdiction pursuant to Civ. R. 12(B)(1).

With respect to appellee's next argument that appellants failed to allege a claim under either state statutory or constitutional law, it has been held that in reviewing a dismissal under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted, the material allegations of the complaint are taken as admitted. *Von Hoene, supra,* at 364, 20 OBR at 468, 486 N.E. 2d at 870. Moreover, it is axiomatic that in order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiff can prove no set of facts which would entitle him to recovery. *O'Brien* v. *Univ. Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus; *Gutter* v. *Dow Jones, Inc.* (1986), 22 Ohio St. 3d 286, 291, 22 OBR 457, 461, 490 N.E. 2d 898, 902, 56 A.L.R. 4th 1153, 1160; *Nabakowski* v. *5400 Corporation* (1986), 29 Ohio App. 3d 82, 87, 29 OBR 92, 97, 503 N.E. 2d 218, 224; *Cooperman, supra.*

Appellants' complaint and the amendment to the complaint averred that appellee, by executing affidavits in other proceedings referring to appellants' prison medical records, deprived appellants of their rights in violation of R.C. Chapter 1347, R.C. 102.03(B), and Section 1983, Title 42, U.S. Code, and their constitutional right to privacy.

"Records and files of prisoners are compiled pursuant to R.C. 5145.04, 5145.20 and 5145.22. * * *" *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42, 8 O.O. 3d 36, 37, 374 N.E. 2d 641, 642. The records are maintained under R.C. 5120.21, which provides as follows:

"The department of rehabilitation and correction shall keep in its office, accessible only to its employees, *except by the consent of the department or the order of the judge of a court of record,* a record showing the name, residence, sex, age, nativity, occupation, condition, and date of entrance or commitment of every inmate in the several institutions governed by it, the date, cause, and terms of discharge and the condition of such person at the time of

leaving, and also a record of all transfers from one institution to another, and, if such inmate is dead, the date and cause of death. These and such other facts as the department requires shall be furnished by the managing officer of each institution within ten days after the commitment, entrance, death, or discharge of an inmate.

"In case of an accident or injury or peculiar death of an inmate, the managing officer shall make a special report to the department within twenty-four hours thereafter, giving the circumstances as fully as possible." (Emphasis added.)

Medical records are not "public records" pursuant to R.C. 149.43. *Harris, supra*; see, also, R.C. 149.43(A)(1) and (3). The state statutory laws relied upon by appellants are R.C. Chapter 1347, the Ohio Privacy Act, and R.C. 102.03(B), part of the Ohio Ethics Law. However, the correctional facility herein is exempt from the provisions of R.C. Chapter 1347 since R.C. 1347.04 provides in part as follows:

"(A)(1) Except as provided in division (A)(2) of this section, the following are exempt from the provisions of this chapter:

"* * *

"(d) *Any state or local agency* or part of any state or local agency *that is a correction,* probation, pardon, or parole *authority*[.]'" (Emphasis added.)

R.C. 102.03(B) provides as follows:

"*No present* or former *public* official or *employee shall disclose or use, without appropriate authorization, any information acquired by him in the course of his official duties which is confidential because of statutory provisions,* or which has been clearly designated to him as confidential when such confidential designation is warranted because of the status of the proceedings or the circumstances under which the information was received and preserving its confidentiality is necessary to the proper conduct of government business." (Emphasis added.)

Appellee argues that appellants failed to state a claim upon which relief can be granted pursuant to R.C. 102.03(B) since appellee's employer, the Department of Rehabilitation and Correction, "consented to such disclosure" of appellants' prison medical records. However, appellants' complaint and amended complaint specifically averred that appellee disclosed "confidential information without appropriate authorization" and since such averments are taken as admitted, *Von Hoene, supra,* appellee's argument in this regard is without merit. Thus, the trial court erred in dismissing appellants' complaint for failure to state a claim upon which relief can be granted.

Appellants' civil rights claim was made pursuant to Section 1983, Title 42, U.S. Code, which provides, in pertinent part, as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *'"

Actions under Section 1983 can be brought in state court, in view of the fact that, in the absence of a grant of exclusive jurisdiction, state courts have concurrent authority to adjudicate federally created causes of action. *Logan* v. *Southern California Rapid Transit Dist.* (1982), 136 Cal. App. 3d 116, 124, 185 Cal. Rptr. 878, 883; *Duncan* v. *Peck* (C.A. 6, 1985),

752 F. 2d 1135; *Royer* v. *Adams* (1981), 121 N.H. 1024, 1026-1027, 437 A. 2d 316, 317-318. Section 1983 provides a cause of action against a person who under color of state law violates the constitutional rights of another. See, *e.g., Beverly Bank* v. *Will Cty. Bd. of Review* (1983), 117 Ill. App. 3d 656, 453 N.E. 2d 96.

In that appellants argue in part that appellee acted under color of state law, whether or not their complaint and amendments to the complaint stated a claim upon which relief can be granted for their civil rights claim is dependent upon their constitutional claim that appellee deprived them of their right to privacy. "While there is no 'right of privacy' found in any specific guarantee of the Constitution, [it has been] * * * recognized that 'zones of privacy' may be created by more specific constitutional guarantees and thereby impose limits upon government power. * * *" *Paul* v. *Davis* (1976), 424 U.S. 693, 712-713; *Roe* v. *Wade* (1973), 410 U.S. 113, 152-153. The rights found in the guarantee of personal privacy must be limited to those which are "fundamental" or "implicit in the concept of ordered liberty," which most often involve matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. *Paul, supra,* at 713; *J.P.* v. *DeSanti* (C.A. 6, 1981), 653 F. 2d 1080, 1090.

Appellee cites both *Paul* and *DeSanti,* in support of his proposition that appellants have failed to state a constitutional claim upon which relief can be granted. However, in *Paul, supra,* the Supreme Court of the United States held that the publication of an arrest on criminal charges was not subject to constitutional protection, and in *DeSanti, supra,* at 1090, the Sixth Circuit Court of Appeals held that the claimed right of nondisclosure

of juvenile court records was not protected by a privacy right of constitutional dimensions. Conversely, the case at bar involves disclosure, not of records or the fact of an arrest, but, rather, of confidential prison medical records without appropriate authorization. In that, pursuant to Civ. R. 12(B)(6), a trial court must construe all material allegations in the complaint and all reasonable inferences that may be drawn therefrom in favor of the nonmoving party, see, *e.g., Erie Cty. Bd. of Edn.* v. *Rhodes* (1984), 17 Ohio App. 3d 35, 37, 17 OBR 88, 90, 477 N.E. 2d 1171, 1174, and since neither the complaint nor the amendment to the complaint specifies the nature of the proceeding in which appellee executed the affidavits, it is at least arguable that appellants have stated a cognizable constitutional privacy claim. Cf., *e.g., Shirshekan* v. *Hurst* (C.D. Ill. 1987), 669 F. Supp. 238. Therefore, the trial court erred in dismissing the complaint and the amendment to the complaint because appellants stated claims for relief pursuant to R.C. 102.03(B), Section 1983, Title 42, U.S. Code, and the Constitution.

With respect to appellee's remaining arguments that appellants waived any right to privacy and that the prior federal proceedings collaterally estopped appellants from asserting such right to privacy, appellee relies upon copies of motions filed in federal district court and attached to his motions to dismiss. In passing on a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, only statements contained in the pleadings can be considered and matters outside the pleadings are only to be considered if the court converts a Civ. R. 12(B)(6) motion into a Civ. R. 56 motion for summary judgment. *South Euclid Fraternal Order of Police* v. *D'Amico* (1982), 4 Ohio App. 3d 15,

156

16-17, 4 OBR 36, 37-38, 446 N.E. 2d 198, 201-202; see, also, *Conant v. Johnson* (1964), 1 Ohio App. 2d 133, 135, 30 O.O. 2d 157, 158, 204 N.E. 2d 100, 101. Therefore, appellee's waiver and collateral estoppel arguments were not supported by the pleadings herein.

In that appellants' complaint and the amendment to the complaint stated claims upon which relief can be granted and the trial court was not divested of subject matter jurisdiction over the claims without a prior determination of the Court of Claims, appellants' first and second assignments of error are sustained and the judgment of the trial court dismissing appellants' complaint and the amendment to the complaint is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

Grey, P.J., and Abele, J., concur.