George TURNER, II, Appellant,

v.

Marion S. BARRY, Jr., Mayor, et al.

No. 88–7121.

United States Court of Appeals, District of Columbia Circuit.

Sept. 16, 1988.

Susan S. McDonald, Office of Corp. Counsel, Washington, D.C., for appellees.

George Turner, II, pro se.

ON ORDER TO SHOW CAUSE

Before BUCKLEY, D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant George Turner, appearing *pro se* and *in forma pauperis,* has appealed an order of the district court dismissing his civil rights complaint. Because the district court properly concluded that the complaint failed to state a claim upon which relief could be granted, we affirm.

Turner is currently incarcerated in the Lorton Reformatory, having been convicted of armed robbery in the Superior Court of the District of Columbia. On April 14, 1988, Turner filed in the district court a "Complaint for Violation of Civil Rights" pursuant to 42 U.S.C. § 1983 (1982). Named as defendants were Marion Barry, in his capacity as Mayor of the District of Columbia, and Rosemarie Mahmood, a probation officer employed by the Superior Court of the District of Columbia.

Turner alleged in his complaint that Mahmood "filed a presentence report with the [Superior Court] that contained false and misleading information." These alleged inaccuracies related to the number of offenses with which he was originally charged and his parole status. Turner requested that the district court reduce or vacate his sentence and award him compensatory damages of $1.5 million as compensation for the excessively long sentence that he allegedly received as a result of Mahmood's report.

The district court, on its own motion and prior to service of the complaint upon the defendants, dismissed Turner's complaint. The court concluded that to the extent that Turner sought to test the legality of his detention, he must first apply to the Superior Court. The court further concluded that the damage portion of the action was barred by the doctrine of judicial immunity. This appeal followed.

For more than a century, the Supreme Court has followed the common law doctrine granting judges absolute immunity from liability for damages based upon acts committed within their judicial jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872). This absolute immunity has been extended to other quasi-judicial officials when (1) their activities are integrally related to the judicial process, and (2) they must exercise discretion comparable to that exercised by a judge. *See, e.g., Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors initiating and pursuing a criminal prosecution); *Simons v. Bellinger,* 643 F.2d 774 (D.C.Cir.1980) (members of committee appointed by court of appeals to monitor unauthorized practice of law).

At least three circuits have extended this quasi-judicial immunity to *state* probation officers alleged to have violated a plaintiff's constitutional rights by failing properly to prepare a presentence report. *Freeze v. Griffith,* 849 F.2d 172 (5th Cir. 1988); *Demoran v. Witt,* 781 F.2d 155 (9th Cir.1986); *Hughes v. Chesser,* 731 F.2d 1489 (11th Cir.1984). These decisions are in accord with other courts of appeals that have similarly concluded that *federal* probation officers are absolutely immune from liability when preparing and submitting presentence reports. *Dorman v. Higgins,* 821 F.2d 133 (2d Cir.1987); *Tripati v. INS,* 784 F.2d 345, 348 (10th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 755, 98 L.Ed. 2d 767 (1988).

The presentence report is an integral part of the judicial function of sentencing. *Demoran,* 781 F.2d at 157. When preparing presentence reports, the probation officer acts at the specific request of the court and submits the results of the investigation to the sentencing court for its evaluation. Charged with the duty of impartial fact finding for the court, probation officers typically serve as an " 'arm of the sentencing judge.' " *Id.* (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 204, 106 S.Ct. 496, 502, 88 L.Ed.2d 507 (1985)).

We agree that the prospect of damage liability under section 1983 "would seriously erode the officer's ability to carry out his independent fact finding function" and would, as a result, "impair the sentencing judge's ability to carry out his judicial duties." *Demoran,* 781 F.2d at 157; *Spaulding v. Nielsen,* 599 F.2d 728, 729 (5th Cir.1979). Without immunity from

suit, probation officers are likely to become the target of criminal defendants who seek to challenge, through a civil action for damages, the accuracy of their presentence reports. As a consequence, the probation officer would serve as a " 'lightning rod for harassing litigation.' " *Crosby–Bey v. Jansson*, 586 F.Supp. 96, 99 (D.D.C.1984) (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir.1980)).

Accordingly, we hold that District of Columbia probation officers are absolutely immune from liability for damages in an action brought pursuant to 42 U.S.C. § 1983 for alleged errors in the investigation and preparation of presentence reports.[1] The order of the district court dismissing the complaint[2] is therefore

AFFIRMED.

---

1. Turner's remaining requests for relief (vacation or reduction of his sentence, and damages from Mayor Barry because he was allegedly "responsible for" Mahmood) were properly rejected by the district court. *See Garris v. Lindsay*, 794 F.2d 722, 725–26 (D.C.Cir.) (District of Columbia prisoner has no recourse to a federal judicial forum to challenge his detention unless the local remedy in Superior Court is inadequate or ineffective), *cert. denied*, 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986), *and Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978) (no *respondeat superior* liability under section 1983).

2. Our action today is fully consistent with *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). There, we held that an *in forma pauperis* complaint may be dismissed by the district court on its own motion only when the complaint is legally frivolous. The *sua sponte* dismissal of Turner's complaint was clearly correct because it was plain from the face of the pleading that Mahmood was absolutely immune from suit. *See id.* at 59 (complaint may be dismissed if not viable).