**LAYSHOCK, Appellant,**

v.

**PHILLIPS et al., Appellees.**

[Cite as *Layshock v. Phillips* (1994), 93 Ohio App.3d 604.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4861.

Decided March 21, 1994.

*Martin F. White,* for appellant.

*Curtis J. Ambrosy,* for appellees Rudolph G. Phillips, Roger C. Burns and Andre J. Sabo.

*Michael D. Rossi,* for appellee Martin Politsky.

*George Pavlik,* pro se.

---

JOSEPH E. MAHONEY, Judge.

This appeal arises out of the Trumbull County Common Pleas Court, where the motion of appellees, Rudolph G. Phillips et al., to dismiss was granted pursuant to Civ.R. 12(B)(6).

On October 2, 1992, appellant, Patrick Layshock, the mayor of Newton Falls, Ohio, filed a complaint against appellees, five electors in the city of Newton Falls, alleging that they had maliciously and without probable cause instituted proceedings in the Trumbull County Probate Court seeking his removal from his elected position as mayor.

Appellees' complaint for removal of appellant from office had been filed pursuant to R.C. 733.72 *et seq.,* and alleged that appellant was guilty of misfeasance and malfeasance. Appellant entered a plea of not guilty to the charges, and a jury trial was scheduled. However, the charges were dismissed at the request of the city's law director on September 30, 1992.

Appellant's malicious prosecution complaint alleged that appellees' actions were motivated solely by the desire to intimidate, annoy and embarrass him; that appellees did not reasonably believe that there existed grounds for appellant's removal; that their allegations included false and perjured testimony; and that appellant suffered humiliation, emotional distress, damage to his reputation, and incurred legal fees in the amount of $9,977.55 as a result of the removal complaint.

Appellees requested that the court dismiss appellant's complaint because it did not allege arrest or seizure of his person or property and that, as such, it stated no cause of action. Appellees' motion was also based on the contention that the removal complaint against appellant had been voluntarily dismissed without prejudice, which does not constitute the "favorable termination of prior proceedings" required for a malicious prosecution action. The trial court dismissed the complaint without stating the basis. Appellant timely appealed to this court with the following assignment of error:

"The trial court erred to the prejudice of the Plaintiff–Appellant by granting Defendants–Appellees' Civ.R. 12(B)(6) motions to dismiss."

■ It is well settled in Ohio that in order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753; *Clark v. Eskridge* (1991), 77 Ohio App.3d 524, 526, 602 N.E.2d 1228, 1229. Moreover, the material allegations of the complaint will be taken as admitted. *Id.* at 526, 602 N.E.2d at 1229.

The threshold issue is whether appellant's claim is one for malicious civil or criminal prosecution since, depending on which category the case falls into, the elements required to be alleged in the complaint for purposes of Civ.R. 12(B)(6) are slightly different.

Appellant valiantly argues that an action pursuant to R.C. 733.72 is a criminal proceeding since (1) the judge issued a citation requiring him to make a personal appearance; (2) appellant entered a plea of not guilty to the charges; (3) R.C. 733.72 requires that the city law director conduct a prosecution; (4) the case is tried to a jury of twelve; and (5) R.C. 733.77 provides for no payment of costs and expenses if an accused is acquitted.

■ While we agree that a removal proceeding pursuant to R.C. 733.72 is quasi-penal in nature, *State ex rel. Stokes v. Probate Court of Cuyahoga Cty.* (1970), 22 Ohio St.2d 120, 51 O.O.2d 180, 258 N.E.2d 594, significant necessary elements of a criminal proceeding are missing in a removal action.

First, R.C. 2938.08 requires that in a criminal action, a defendant is presumed innocent until he is proven guilty beyond a reasonable doubt. However, in a removal proceeding pursuant to R.C. 733.72, "the evidence required to sustain the removal of the officer must be clear and convincing." *In re Removal of Pickering* (1970), 25 Ohio App.2d 58, 54 O.O.2d 85, 266 N.E.2d 248, paragraph two of the syllabus. Thus, since a defendant in an R.C. 733.72 removal case could be found guilty by a standard of proof less than beyond a reasonable of doubt, the requirements for a finding of guilt in a criminal action are not satisfied.

Second, as stated in *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 145, 559 N.E.2d 732, 736, "[t]he tort of malicious criminal prosecution compensates the plaintiff for the damage to dignity and reputation caused by *false accusation of a crime.*" (Emphasis added.) However, appellant here was not accused of a crime substantively, even though the removal proceeding itself is quasi-penal in nature. He was accused of disseminating taped telephone calls, violating Robert's Rules of Order, totally misquoting and neglecting to follow the Parliamentary Rules of Procedure, failing to remain impartial and neutral, refusing to recognize all councilmen's right to speak, ordering the city manager to discharge the city prosecutor from his employment, and coaching and confiding in an attorney who represented a petition's circulators during a hearing. None of the foregoing constitutes a crime.

Accordingly, appellant's complaint will be construed as one for malicious civil prosecution. The Supreme Court of Ohio, in a fairly recent succession of cases, has addressed the requirements for sustaining a malicious civil prosecution case.

In *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 15 OBR 159, 472 N.E.2d 350, the court held that a complaint alleging malicious prosecution is not fatally defective and subject to dismissal merely because each element of its cause of action is not set forth in the complaint with crystalline specificity. *Id.* at 66, 15 OBR at 161, 472 N.E.2d at 352. However, in *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 94, 17 OBR 213, 216, 477 N.E.2d 1123, 1127, a malicious civil prosecution case, the court stated:

"In order to withstand a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint for malicious prosecution must allege the following: (1) a prior proceeding was maliciously instituted against the plaintiff by defendant, *Woodruff v. Paschen* (1922), 105 Ohio St. 396 [137 N.E. 867]; (2) there was no probable cause for the filing of the prior lawsuit, *Melanowski v. Judy* (1921), 102 Ohio St. 153 [131 N.E. 360]; and (3) the prior lawsuit was terminated in the plaintiff's favor, *Levering v. National Bank* (1912), 87 Ohio St. 117 [100 N.E. 322].  * * *"

Six months later, in the case of *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 19 OBR 341, 483 N.E.2d 1168, the court added another element which must be alleged in order to constitute a malicious civil prosecution case, the "seizure of plaintiff's person or property during the course of the prior proceeding." *Id.* at 139, 19 OBR at 344, 483 N.E.2d at 1171. This court reluctantly followed the *Crawford* test in *Lemieux v. Cent. Oil Field Supply Co. of Logan* (Sept. 7, 1990), Ashtabula App. No. 89-A-1479, unreported, at 4-5, 1990 WL 128277.

Then, in *Trussell, supra,* the court eliminated the "seizure of the persons or property" element with respect to the tort of malicious criminal prosecution, thereby modifying the *Crawford* test only with respect to malicious criminal

prosecution cases.[1]  Accordingly, taking *Kelly, Crawford* and *Trussell* together, the four-pronged *Crawford* test is still in effect with respect to the elements required to be alleged in order to survive a motion to dismiss a civil prosecution complaint.

■  Our review of appellant's complaint reveals that it does not allege seizure of appellant's person or property.  Consequently, it appears beyond doubt from the complaint that appellant cannot prove a set of facts entitling him to recovery for malicious civil prosecution.  *O'Brien, supra.*

As stated in their motion to dismiss, appellees also claimed that appellant's complaint did not properly allege that the prior proceeding had terminated in his favor, because the underlying action actually ended in a voluntary dismissal without prejudice.  Though appellant addresses this argument under the third issue in his brief, appellees do not respond to it.  Also, since the first issue was dispositive of the case, we see no need to consider appellant's third issue here.

Pursuant to appellant's fourth issue, he maintains that all five appellees are proper defendants in the malicious prosecution action.  He supports his argument with the fact that under R.C. 733.72, the complaint must be filed by an elector of the city and signed and approved by four other electors.  Appellant contends that this requirement indicates that removal proceedings cannot be formally instituted without all five electors.  Appellees, however, respond that since the four other electors merely read and approved the complaint, they have not set the action in motion and are not, therefore, proper defendants.  We disagree.

■  We observe that R.C. 733.72 requires the participation of five electors in order to institute removal proceedings.  Even though only one elector is formally termed the complainant, without the approval of the other four electors, no complaint could be filed and, therefore, a cause of action would not exist.  Since a cause of action for removal of a municipal officer cannot exist without the four other electors, they are essential to the action.  Therefore, all five appellees were proper defendants in the instant case.

Based on the foregoing, we conclude that the trial court did not err in granting appellees' motion to dismiss pursuant to Civ.R. 12(B)(6).  Appellant's sole assignment of error is without merit.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.

---

1.  In *Trussell,* the justices stated in a footnote that they "express no opinion on the continued viability of the 'arrest or seizure' requirement in actions for malicious civil prosecution, as this question is not presently before us."  *Id.,* 53 Ohio St.3d at 145, 559 N.E.2d at 736, fn. 3. Thus, since the court did not overrule *Crawford,* it is still good law with respect to malicious civil prosecution actions.