OPINION
This is an appeal from the Clermont County Court of Common Pleas where the trial court dismissed appellant's complaint for failure to state a claim upon which relief could be granted. We affirm.
On April 10, 1996, plaintiff-appellant, Eugene Simpson, filed a complaint in the Clermont County Court of Common Pleas. The complaint named appellees, the Clermont County Prosecutor, the Clermont County Sheriff, and three Clermont County Commissioners, as defendants. The complaint alleged that appellant was "wrongfully and unlawfully imprisoned in the Clermont County Jail from approximately November 19 to December 1, 1995." Appellant's complaint did not contain any other factual allegations and did not allege that appellees were acting outside the scope of their employment, acting with a malicious purpose, in bad faith, or in a wanton and reckless manner.
On May 6, 1996, appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Appellees argued that the complaint failed to state a claim upon which relief could be granted because appellees were immune from liability to appellant under R.C. Chapter 2744. In a decision dated August 16, 1996, the trial court found that appellant's complaint failed to allege any facts that would remove appellees from the immunity provided for employees of a political subdivision under R.C. Chapter 2744. Since appellees had an absolute defense to appellant's claim, the trial court held that appellant's complaint failed to state a claim upon which relief could be granted. The trial court granted appellees' motion to dismiss in a judgment entry entered on September 10, 1996.
On appeal, appellant assigns a single error as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE APPELLEES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that a plaintiff can prove no set of facts that would entitle him to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. If a complaint alleges facts that constitute an absolute defense to the claim asserted, the complaint is susceptible to a motion to dismiss for failure to state a claim upon which relief could be granted. Gutter v. Dow Jones, Inc. (1986), 22 Ohio St.3d 286; Clark v. Eskridge (1991), 77 Ohio App.3d 524. Likewise, in a suit against an employee of a political subdivision, a motion to dismiss is proper where a complaint contains no factual allegations that would remove the employee from the immunity afforded by R.C. 2744. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666.
An appellate court will independently review the complaint to determine if the dismissal was appropriate, and need not defer to the trial court's decision. Karmasu v. Brigano (Jan. 17, 1995), Warren App. No. CA94-03-034. In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, all of the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in the non-moving party's favor. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190. However, the court need not presume the truth of conclusory statements unsupported by factual allegations. Id.
After reviewing appellant's complaint, we conclude that the trial court properly determined that R.C. 2744 constituted an absolute defense to appellant's claim. Clermont County qualifies as a "political subdivision" under R.C. 2744.01(F). Moreover, each appellee qualifies as an employee of a political subdivision under R.C. 2744.01(B). R.C. 2744.03(A)(6) confers immunity from civil liability upon an employee of a political subdivision "for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary action," unless "(a) his acts or omissions were manifestly outside the scope of his employment or official responsibilities; (b) his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) liability is expressly imposed upon the employee by a section of the Revised Code."
Appellant's complaint does not allege any facts that would deny appellees the protection of R.C. 2744.03(A)(6). Appellees' acts or omissions as they relate to the incarceration of appellant were governmental functions as defined in R.C.2744.01(C). Further, the complaint contains no allegations that appellees were acting outside the scope of their employment, nor does the complaint allege that appellees were acting with a malicious purpose, in bad faith, or in a wanton and reckless manner. Finally, appellant has not alleged that appellees are expressly liable pursuant to any other section of the Revised Code.
Appellant's assignment of error is overruled and the granting of appellees' motion to dismiss is affirmed.
YOUNG, P.J., and POWELL, J., concur.